John E. Sharp, Esq., SBN 085615
Gillian Edmonds, Esq. (SBN 293109)
LAW OFFICES OF JOHN E. SHARP
24 Professional Center Parkway, Suite 110
San Rafael, CA 94903
Telephone: (415) 479-1645
Facsimile:  (415) 295-7020

Attorneys for Plaintiff:
SEAPLANE ADVENTURES, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAPLANE ADVENTURES, LLC, a California Limited Liability Company, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF MARIN, CALIFORNIA; AND DOES 1 THROUGH 10, INCLUSIVE, <br><br> Defendants. | Case No. 3:20-cv-06222-WHA <br><br> **FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES:** <br> **1. DEPRIVATION OF LIBERTY AND PROPERTY  IN VIOLATION OF THE FOURTEENTH AMENDMENT DUE PROCESS CLAUSE (42 U.S.C. § 1983);** <br> **2. VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTTENTH AMENDMENT (42. U.S.C. § 1983);** <br> **3. UNCOMPENSATED TAKINGS CLAIM AGAINST ALL DEFENDANTS (42 U.S.C. § 1983/ ARTICLE 1 § 19 OF THE CALIFORNIA CONSTITUTION/ FIFTH AMENDMENT TO THE U.S. CONSTITUTION/INVERSE CONDEMNATION);** <br> **4. PREEMPTION;** <br> **5. VIOLATION OF 42 U.S.C. § 1983);** <br> **6. DECLARATORY RELIEF** |

## **INTRODUCTION/NATURE OF THE CASE**

1. Plaintiff SEAPLANE ADVENTURES, LLC ("Plaintiff" or "Seaplane") is an airline business operating in Marin County, California, as an air carrier, certified pursuant to 14 CFR Part 135 and Part 91 of the Federal Aviation Administration regulations. As such, Plaintiff is regulated by the Federal Aviation Administration.

2. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-10, inclusive, and therefore sues these defendants by these fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff alleges that each of said defendants is negligently or otherwise responsible in damages or any other relief sought under this complaint for the losses sustained by Plaintiff.

3. In response to the novel coronavirus ("COVID-19" or "Coronavirus") pandemic, Defendant County of Marin ("Defendant" or "County") issued an Order of the Health Officer of the County of Marin on March 16, 2020 ("March Health Order"), which required all businesses with a facility in Marin County (except "Essential Businesses", as defined in the order) to cease all activities. A true and correct copy of that order is attached hereto as **Exhibit A** and incorporated herein by reference.

4. The March Health Order defines as an "Essential Business" *inter alia*, "Airlines…and other private transportation providers providing transportation services necessary for Essential Activities and other purposes expressly authorized in this Order…" (see **Exhibit A,** section 10(f)(xvii)).

5. Plaintiff is informed and believes that it falls within the definition of essential business, not only as set forth in the March Health Order and the Health Order (see **Exhibit B,** section 15(f)(xx)), but as contemplated in Federal guidelines as applied to airlines, in particular.

6. Although Plaintiff did not believe the March Health Order required it to cease operations (since Plaintiff was and is an "Essential Business"), he did so any way out of an abundance of caution. Plaintiff is informed and believes that the March Health Order and the Health Order did not require Plaintiff to cease operations, inasmuch Plaintiff was and is an "Essential Business", and, in any case, does not fall within the definitions of the March Health Order or Health Order. Nevertheless, in the spirit of cooperation, following

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

multiple visits from the Marin County Sheriff's Department, Plaintiff ceased operations, as more particularly described hereinbelow.

7.  On May 15, 2020, Defendant County of Marin ("Defendant" or "County) issued an Order of the Health Officer of the County of Marin ("Health Order" or "Marin Order").  The Marin Order amended previous health-orders, allowing many businesses to remain open or reopen (including, *inter alia*, indoor retail, airlines, and boat charters).  A true and correct copy of the Marin Order is attached hereto as **Exhibit B** and incorporated herein by reference.

8.  As such, and in compliance with the Health Order, Plaintiff reopened for business on June 5, 2020.

9.  Plaintiff accepts that the Health Officer took action for a public purpose in issuing the Marin Order.  As stated in the Marin Order on May 15, 2010, the Health Officer issued the Marin Order to "…slow the spread of COVID-19 and mitigate the impact on delivery of critical healthcare services…" (see **Exhibit B**).

10. In fact, as stated above, Plaintiff ceased operations in mid-March 2020, when the original stay-at-home order was issued, and did not reopen until June 5, 2020—the same weekend that Marin County amended the Health Order to allow indoor retail and boat charters.

11. The Marin Order now "…allows a limited number of Additional Businesses and Additional Activities to resume while the Health Officer continues to assess the transmissibility and clinical severity of COVID-19 and monitors indicators…" (See **Exhibit B**).

12. Plaintiff believes that the plain language of the Marin Order allowed Plaintiff to fully open operations—Plaintiff could have done so safely at the time the Health Order was issued, and would have remained open had the County of Marin not arbitrarily enforced the order against Plaintiff.

13. The Marin Order defines as an "Essential Business" *inter alia*, "Airlines…and other private transportation providers providing transportation services necessary for Essential Activities and other purposes expressly authorized in this Order…" (see **Exhibit B,** section 15(f)(xx)).

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

14. Plaintiff Seaplane Adventures, LLC is an airline, which is licensed under Part 135 and Part 91 of the Federal Aviation Administration regulations.

15. Throughout the past few months, the FAA has issued many exemptions and guidelines to ensure that business aviation operators will be able to continue flying through this unprecedented and challenging situation arising from COVID-19.

16. Although the Marin Health Order specifically states that airlines are an "essential business," Plaintiff was ordered to close on or about July 3, 2020, by the Marin County Sheriff under threat of fines. In the approximately two weeks preceding July 3, 2020, Defendant, by and through Brian Washington, Marin County Counsel, and the Marin County Sheriff's Department, foreshadowed the actions described herein below. Attached hereto as **Exhibit C** is a true and correct copy of an email from Marin County Sheriff Sargent Brenton Schneider, Public Information Officer, to Aaron Singer, owner of Seaplane Adventures, stating that Seaplane was required to close due to COVID-19 shelter-in-place requirements. Plaintiff's response of June 12, 2020 is also included. Attached hereto as **Exhibit D** is a true and correct copy of an email dated June 12, 2020 from Brian Washington, Marin County Counsel, to Plaintiff's landlord, purporting to justify Defendant's position that Plaintiff was unable to fly. Attached hereto as **Exhibit E** is a true and correct copy of Deputy County Counsel Brian Case's letter to that effect.

17. Plaintiff was never given a reasonable opportunity to know what conduct was allegedly prohibited by the Marin Health Order. Rather, despite the clear language of the Marin Health Order, which allowed airlines to operate as an "essential business," Plaintiff was told that the Marin Health Order prohibited him from operating his business. Thus, it wasn't the Marin Health Order itself that defined the allegedly proscribed conduct, but rather the subjective viewpoint(s) of the Marin County Sheriff and the Marin County Counsel. As such, the Marin Health Order is, at best, impermissibly vague.

18. Plaintiff stands on the precipice of economic collapse as a direct result of the actions of the County of Marin in its arbitrary enforcement of the Marin Health Order. Plaintiff is informed and believes and thereon alleges that Defendant County of Marin unlawfully used the COVID-19 pandemic as a convenient means to shut down Plaintiff's business to

appease a handful of residents—something the County has been trying, but failing, to do since at least 2017.

19. The County of Marin, through its arbitrary enforcement of the Marin Health Order, prevented Plaintiff from conducting *all operations*—air tours, charter flights (including but not limited to flights to Tahoe and Clear Lake), and flight instruction. Despite the Marin Health Order, the County of Marin at all pertinent times allowed all of these activities to continue elsewhere in Marin County.

20. Notably, the Marin County Department of Public Works operates Marin County Airport, known as Gnoss Field, for residents, visitors, businesses and local government agencies needing personal air transportation. As stated on the County's website, "Airport users vary from daily flights for business people or flight training, to occasional trips for personal travel or special services of a government agency." The Marin County Airport is located at 451 Airport Road, Novato, CA 94945 and is therefore within the County of Marin.

21. Plaintiff is informed and believes and thereon alleges that Marin County, either through the Health Officer or Sherriff, or otherwise, *never* required the Marin County Airport (Gnoss Field) to shutdown or halt any operations as a result of the Marin Health Order, or previous Health Orders. In fact, there are at least three charters operating out of the Marin County Airport—all of which operate, like Plaintiff, under Part 135 And Part 91 of the FAA regulations. Plaintiff is informed and believes these airlines are and were at all times permitted to fully operate, including for leisure charter and for flight lessons.

22. Plaintiff (via his attorney) wrote a letter to County Counsel, Brian Washington on July 10, 2020 seeking an explanation for why Plaintiff's business was shutdown. A true and correct copy of this letter is attached hereto as **Exhibit F** and incorporated herein by reference.

23. In response to Plaintiff's letter, County Counsel Brian Washington sent a letter on July 15, 2020, which stated, among other things, "When running sightseeing tour flights above the Bay Area, Seaplane Adventures isn't providing 'transportation services.' Patrons return to the same place they took off from—Sausalito; they are not transported. Thus, the scenic tours aren't an allowed activity under the Order…" (see **Exhibit E**). Plaintiff is further

informed and believes that private sightseeing ferry boats were permitted to operate under the May 15, 2020 Health Order.

24. Plaintiff is further informed and believes that data relied upon by Defendant to track occurrences of COVID-19, and/or the sensor reduction of said occurrences, is faulty, resulting in interruption to Plaintiff's business with no medical or legal basis in support thereof.

25. Further, even if the County allegedly took summary governmental action in response to a perceived emergency, or to protect the public health/safety/general welfare, this rationale does not apply where, as here, the County officials acted with reckless disregard of the actual circumstances. Specifically, and among other things, the County permitted operations to continue at Gnoss Field Airport, and permitted sightseeing tours on charter boats, all despite the COVID-19 pandemic.

26. According to the County's own website, https://coronavirus.marinhhs.org/faq/137, under the question "Are charter boats allowed to operate?" The county states, "…as of June 5, 2020, charter boats may operate in the County. Charter boats include boats available for rent or charter for fishing…*sightseeing,* and other activities…" (emphasis added). A true and correct copy of that section of the website is attached hereto as **Exhibit G** and incorporated herein by reference**.**

27. It is clear that the County of Marin was not enforcing the Marin Health Order equally against all businesses in Marin, and that the County's enforcement against Plaintiff was arbitrary and without Due Process.

28. The County's selective enforcement of the Marin Health Order was malicious, irrational, and/or plainly arbitrary. Plaintiff has been intentionally treated differently from others similarly situated, and there is no rational basis, or otherwise, for the difference in treatment.

29. The Orders constitute a regulatory taking implemented for a recognized public purpose, and therefore the failure to pay just compensation contravenes the Takings Clause of the Fifth and Fourteenth Amendments. *See Penn Central Transportation Co. v. City of New*

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

*York,* 438 U.S. 104 (1978); *Lucas v. S.C. Coastal Council,* 505 U.S. 1003 (1992); *Horne v. Dep't of Agric.,* 576 U.S. 350 (2015).

30. The Marin Health Order, as enforced by the Marin County Sheriff and County Counsel, effectively halted all economic activity for Plaintiff, and made it commercially impracticable to use Plaintiff's Property (its business) for any economically beneficial purpose, and inflict "very nearly the same effect for constitutional purposes as appropriating or destroying [the property as a whole]." *Pennsylvania Coal Co. v. Mahon,* 260 U.S. 393, 414-415 (1922); *Keystone Bituminous Coal Ass'n v. DeBenedictis,* 480 U.S. 470, 484-85 (1987) (regulatory taking occurs when the government action "makes it impossible for petitioners to profitably engage in their business, or that there has been undue interference with their investment-backed expectations"). Plaintiff has, and had, a reasonable investment-backed expectation in continuing to operate its business.

31. The Marin Health Order rendered Plaintiff's Property—both the business itself, and the tangible property owned by the business (such as machinery, airplanes, inventory, tools, business records, and other forms of tangible equipment used in operating the business) unusable. As an example, Plaintiff was, and is, at risk of losing an airplane (which is financed), and has already lost its Chief Pilot and four employees due to the shutdown.

32. Despite issuing the Health Order, the County of Marin (either through the Health Officer or otherwise) did not provide any compensation to Plaintiff, or others who suffered substantial/total diminution in value of their property interests as a result.

33. Further, the County of Marin was not providing equal enforcement of the Order, but arbitrarily enforced the Order on Plaintiff, while allowing other similarly situation businesses to remain open.

34. On or about August 31, 2020, the County of Marin updated "Appendix C-1: Additional Businesses Permitted to Operate" to the May 15, 2020 Health Order ("Appendix C-1"), which specifically allowed "…for the operation of all aviation related services subject to the guidance set forth herein." Appendix C-1 constitutes an admission by the County that Plaintiff's business could have opened safely under the original May 15, 2020 Health

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

Order. As stated by the County in paragraph 17 of Appendix C-1: "Such services [Aviation Services] have low contact intensity. Opening these services should result in a limited number of people reentering the workforce and the overall volume of commercial activity and mitigation measures can meaningfully decrease the resulting public health risk." A true and correct copy of Appendix C-1 is attached hereto as **Exhibit H** and incorporated herein by reference.

## THE PARTIES

35. Plaintiff Seaplane Adventures, LLC, is a California Limited Liability Company, with its principal place of business in California. It is a business ordered to effectively shut down by the Marin County Order

36. Defendant Marin County, California, is a local government entity organized under the Constitution and laws of the State of California.

## JURISDICTION AND VENUE

37. Plaintiff presents federal claims for relief that arise under 42 U.S.C. §1983.

38. The Court has subject matter jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1331 (federal question) because this action involves the interpretation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the U.S. Constitution (U.S. Const. amend. XIV); and the Due Process and Takings Clauses of the Fifth Amendment to the U.S. Constitution (U.S. Const. amend. V); and because the action seeks to prevent Defendant from interfering with federal rights.

39. Jurisdiction is also appropriate in this Court pursuant to 28 U.S.C. § 1343(a)(3)—(4) to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom, or usage, of any right, privilege, or immunity secured by the Constitution, and to secure equitable or other relief under any Act of Congress providing for the protection of civil rights.

40. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. Section 1367 (a) because Plaintiff's state claim is so related to Plaintiff's federal

claim that they form part of the same case or controversy under Article III of the United States Constitution.

41. Plaintiff has complied with the California Torts Claim Act/Government Claims Act (California Government Code §900 et seq.), or was excused/exempted from doing so. The claim presentation requirement does not apply to a federal civil rights action under 42 USC §1983 (see *Williams v. Horvath* (1976) 16 Cal.3d 834, 842); or to an action for inverse condemnation/takings.

42. Venue is properly vested in this Court pursuant to 28 U.S.C. § 1391 because all defendants reside in this district and most, if not all, of the conduct that underlies this action occurred in the Northern District of California.

43. There is a present and actual controversy between the parties.

44. The relief requested is authorized pursuant to 28 U.S.C. §§2201 and 2202 (declaratory judgment), 28 U.S.C. § 1651(a) (injunctive relief), and 42 U.S.C. §1988 (right to costs, including attorneys' fees).

## SUBSTANTIVE ALLEGATIONS

## THE 2017 PLANNING COMMISSION FINDING THAT THE FAA HAS JURISDICTION

45. The Marin Health Order is not the first time that the County has tried to severely limit Plaintiff's business operations.

46. In 2017, the County of Marin tried, but failed, to limit Seaplane Adventures' hours of operation and number of flights after a handful of wealthy nearby homeowners and other residents ("Neighbors") complained about the noise from the planes.

47. Prior to the Planning Commission Hearing, John Sharp, attorney for Plaintiff, wrote a letter to the Planning Commission explaining *inter alia* that the County lacked jurisdiction over the airline, since it was regulated by Federal Law. A true and correct copy of this letter is attached hereto as **Exhibit I.**

48. In 2017, Marin County's planning commission held a four-hour hearing to consider the matter. Over 250 people attended the hearing, and dozens of members of the public spoke,

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

with a majority of them expressing support for Seaplane Adventures and opposition to changes in its use permit.

49. During the 2017 planning commission hearing, William Schneider, spoke as a spokesman for the Neighbors, asking the planning commission to limit or revoke Seaplane Adventures' use permit.

50. The Planning Commission, however, agreed with Plaintiff that the county lacked jurisdiction over the airline—finding that Seaplane Adventures had not violated any conditions of its use permit, and that the county's jurisdiction is limited, as much of the business is regulated by the Federal Aviation Administration. (See Marin County Planning Commission Resolution No. PC17-007, a true and correct copy of which is attached hereto as **Exhibit J).**

51. Notably, at the 2017 Planning Commission hearing, the planning commission voted unanimously to recommend eliminating some of the current restrictions on Seaplane Adventures' use permit, because they did not comply with federal law. Specifically, as the Planning Commission stated in Resolution No. PC17-007, **Exhibit J:**

    a. "Presumably unknown to the Planning Commission at the time they modified the Use Permit in 1981, the US Supreme Court had in 1973 issued a ruling in the City of Burbank v. Lockeed Air Terminal case that prohibited local jurisdictions from regulating aircraft noise, viewing it as an element of aviation regulation that was left exclusively to the authority of the Federal Government…the other operational restrictions related to take offs and landings may be difficult to enforce because **local regulation is preempted by Federal law.**" (see **Exhibit J**, page 2, ¶2; emphasis added).

**THE COUNTY'S ENFORCEMENT OF THE MARIN COUNTY HEALTH ORDER AND PLAINTIFF'S COMPLIANCE WITH THE SAME**

52. Plaintiff incorporates by reference and re-alleges each and every allegation set forth in all preceding paragraphs as if fully set forth herein.

53. Sgt. Brenton Schneider, the Public Information Officer for the County of Marin, alleged that "[t]here have been multiple complaints from people in the community about the seaplane [Seaplane Adventures] still operating when sightseeing tours are not allowed under the 'shelter in place' order." (See Marin Independent Journal, July 13, 2020, "Sheriff grounds Mill Valley seaplane over coronavirus," a true and correct copy of which is attached hereto as **Exhibit K).**

54. Plaintiff is informed and believes and thereon alleges that these "people in the community," are very likely the same Neighbors who complained of noise issues and tried (but failed) to limit Plaintiff's use permit back in 2017 in front of the planning commission. Now, these Neighbors are using the pandemic as an excuse to get Plaintiff shut down.

55. Plaintiff is informed and believes and thereon alleges that Defendant Marin County only sought to shutdown Plaintiff's business after it received a Complaint from these Neighbors. The Complaint likely came via the County's recently-established procedure for enforcement—an email address, SIPViolation@MarinCounty.org, where people can report violations of the Health Order.

56. Yet, to Plaintiff's knowledge, the County has, and had, no procedure for Plaintiff to challenge the Complaint from the Neighbors to show that Plaintiff has been complying with the Health Order; or any other procedure for Plaintiff to challenge the Health Order's effects on its business.

57. Plaintiff takes the responsibility for health and safety of its employees and customers at the utmost seriousness—and has put strict health and safety guidelines in place. This includes, but is not limited to, a COVID-19 Site Specific Protection Plan, as per the Marin County Health Department and U.S. Centers for Disease and Control. These guidelines include but are not limited to the following:

    b. All employees and customers are required to wear facial masks or facial coverings at all times when on Seaplane Adventures premises or on Seaplane Adventures aircraft.

    c. All customers are required to maintain the recommended six feet of social distancing while inside the reception office and/or while on the docks;

d. Seaplane Adventures has installed plexiglass barriers in the reception area which separate employees from customers;

e. All customers are required to submit to having their temperatures taken prior to embarking on a seaplane;

f. Aircraft interior surfaces and seating are thoroughly wiped down with CDC recommended disinfectants prior to and directly after every flight;

g. Seaplane Adventures has reduced the seating capacity on its aircraft to create maximum social distancing between passengers (which is ell below the 10 passengers allowed under charter operator guidelines);

h. Authorized Seaplane Adventures personnel direct all embarkation and disembarkation of passengers;

i. Hand sanitizer is available to all employees and customers.

58. Plaintiff has not violated either the conditions of the Marin County Health Order or the conditions of Plaintiff's use permit. Further, in order for conditions to a use permit to be modified, due process, including findings, supported by substantial evidence, of violation of the conditions of the use permit must occur. There appears to be no such procedure in place for findings of violation of the Health Order.

59. In addition, the Marin Health Order at all times allowed sightseeing tours via charter boats, and allowed all operations to continue at Gnoss Field, the airport owned by the County of Marin. Plaintiff is in a similar situation to these businesses, but Marin County maintained (until the adoption of Appendix C-1 on August 31, 2020) that Plaintiff would be in violation of the order if it conducted its full operations.

60. Plaintiff was singled out by the County of Marin, which used the COVID-19 pandemic as a means to improperly and unfairly shutdown Plaintiff's business.

**THE REGULATION OF PLAINTIFF BY THE FEDERAL AVIATION ADMINISTRATION**

61. The County of Marin does not have jurisdiction over Plaintiff Seaplane Adventures, LLC, which is an airline licensed under part 135 and part 91 of the FAA regulations.

62. The Federal Aviation Administration regulates and promulgates policies with regard to the regulation of said aircraft. Without limitation, the regulations pursuant to which Seaplane Adventures operates are set forth at 14 Code of Federal Regulations Parts 91, 61, 119, 135 and 141. Where the federal government has promulgated a pervasive scheme to regulate an area of activity, local governments are precluded from interfering. (see *City of Burbank v. Lockheed Air Terminal* (1973) 411 U.S. 624).

63. Further, the Federal Aviation Act of 1958 provides in pertinent part at Section 1108(a): "The United States of America is declared to possess and exercise complete and exclusive national sovereignty in the air space of the United States…"

64. Throughout the past few months, as the pandemic has swept the nation, the FAA has issued many exemptions and guidelines to ensure that business aviation operators will be able to continue flying through the unprecedented and challenging situation arising from COVID-19.

65. For example, as early as March 28, 2020, the Federal Aviation Administration posted "Considerations for State, Local, and Territorial COVID-19 Restrictions that Impact Air Transportation," stating that "[p]roposed measures cannot close a Federally-obligated airport absent prior FAA authorization, and must consider all essential aeronautical services…[including] Scheduled or unscheduled passenger and cargo operations, to include charter and corporate aviation activities…" A true and correct copy of this guideline is attached hereto as **Exhibit L.**

66. Plaintiff is, among other things, a transport terminal under Federal guidelines and, as such, was, and is, an essential service and essential business. Moreover, Plaintiff operates as a Federally Obligated Airport.

67. Plaintiff believes that the County likely issued the Marin Health Order in accordance with its traditional occupation of the field of health and safety. However, the field of safety, when it comes to airlines, is completely occupied by the FAA, which has demonstrated an intent to occupy exclusively the entire field of aviation safety, and preempt all state law in this field.

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

68. The Marin Health Order not only contradicted the guidelines/directives of the FAA and federal law, but also purported to restrict Plaintiff's business, which is an airline, from operating. As such, it directly contradicted Federal Law to the extent it restricted the operation of an airline.

**PLAINTIFF HAS SUFFERED SUBSTANTIAL FINANCIAL LOSS**

69. Plaintiff has suffered substantial financial loss in the wake of the shutdown of its business.

70. The summer season is normally Plaintiff's busiest time—with eight to twelve flights per day, seven days a week. July and August are Plaintiff's most important and busiest two months of the year, due to sightseeing tours and charter flights to Tahoe, CA. Plaintiff estimates that it has lost about $35,000 per week during the time it was impermissibly shutdown by the County of Marin.

71. Compounding this, Plaintiff has lost many employees—including Jeroen Bakker, who was both the Chief Pilot and Director of Maintenance, and four other employees. Plaintiff invested years in training the chief pilot and estimates that it has spent over $680,000.00 to train the chief pilot to be an expert seaplane operator.

72. Plaintiff also currently has financing on an Airplane, and is at substantial risk of losing that airplane, since Plaintiff is running out of money to make the payments.

73. The County has taken Plaintiff's assets, including but not limited to its good will.

74. Plaintiff believes that all business value from the past ten years has been wiped out; and Plaintiff has suffered *inter alia,* damage to its brand and business loss. Plaintiff's phone has stopped ringing, and there has been a substantial diminution in value to Plaintiff's property.

**FIRST CAUSE OF ACTION: DEPRIVATION OF LIBERTY AND PROPERTY IN VIOLATION OF THE FOURTEENTH AMENDMENT DUE PROCESS CLAUSE (42 U.S.C. §1983).**

75. Plaintiff incorporates by reference and re-alleges each and every allegation set forth in all preceding paragraphs as if fully set forth herein.

76. The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall…deprive any person of life, liberty, or property, without due process of law."

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

77. The Marin County Order failed (and fails) to provide sufficient notice of which actions will potentially subject Plaintiff to the civil and/or criminal penalties it seeks to apply.

78. Prior to the County's update to and adoption of Appendix C-1 to the Health Order on August 31, 2020, the County's position was that Plaintiff could not operate for sightseeing tours without violating the Health Order. Specifically:

    a. Although the Marin County Order at all times allowed charter boats to continue sightseeing operations, Marin County, via County Counsel, stated that Plaintiff could not operate for sightseeing tours [or charter operations to Lake Tahoe and/or Clear Lake] without violating the Health Order.

    b. In addition, although the Marin County Order at all times allowed airlines to continue operations, it purported to restrict Plaintiff from operating—despite the fact that Marin County never shutdown Gnoss Field, an airport it owns, pursuant to the Health Order.

79. It was therefore unclear, at best, to a reasonable person what the Marin County Order prohibited and allowed.

80. In addition, prior to the County's update to and adoption of Appendix C-1 to the Health Order (to allow all aviation activities), the Marin County Order contradicted Marin County's own substantive guidance. For example, Marin County indicated, in the Frequently Asked Questions portion of its website, that businesses such as Plaintiff's qualified as essential, and qualified to reopen for sightseeing operations (in addition to other essential operations). No reasonable person could reasonably ascertain that continuation of such business might have constituted a civil and/or criminal offense.

81. Marin County further violated, and violates, the Due Process Clause by failing to provide any meaningful procedure for challenging its determination that Plaintiff, or any other business, is or is not allowed to operate—depriving Plaintiff of the constitutional right to use its property. Instead, the County just merely announced that Plaintiff's operations were "non-essential," via the Sheriff, without any formal process.

82. Plaintiff respectfully seeks a declaration that the Marin County Order violated (and violates) the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

83. As a proximate result of the acts of Defendant, Plaintiff has suffered and will continue to suffer extreme hardship and damages, which damages include violation of its constitutional rights, loss of past and future income from its business, damages to its reputation and standing in the community, and other general damages

**SECOND CAUSE OF ACTION: VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT (42 U.S.C. §1983).**

84. Plaintiff incorporates by reference and re-alleges each and every allegation set forth in all preceding paragraphs as if fully set forth herein.

85. When those who appear similarly situated are nevertheless treated differently, the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution requires at least a rational reason for doing so—this is to ensure that all persons subject to legislation or regulation are indeed being 'treated alike, under like circumstances and conditions.'" (*Engquist v. Ore. Dept't of Agr.,* 553 U.S. 591, 602 (2008)).

86. Prior to the County's update to and adoption of Appendix C-1 to the Health Order on August 31, 2020, Defendants had shutdown Plaintiff's operations as a violation of the Health Order, but at the same time permitted other similarly situated businesses in Marin County to continue operating. These businesses include, but are not limited to, charter boats, and airlines operating out of Gnoss Field Airport (Marin County Airport) ("Other Businesses"). Just a few examples of some Other Businesses include (but are not limited to):

   a. AeroclubMarin which operates, among other things, scenic flights out of Gnoss Field airport.

   b. Scanlon Aviation which operates air charter service and flight training out of Gnoss Field Airport

   c. CB Skyshare which operates air charter service out of Gnoss Field Airport

d. Surf Air, which operates, among other things, air charter service out of Gnoss Field Airport;

e. SF Helicopters, which operates out of Sausalito and San Francisco [SF Helicopters does substantially the same business as Plaintiff, except they fly helicopters].

f. SF Bay Adventures, a charter boat company operating out of Sausalito, CA;

g. Call of the Sea, a charter boat company operating out of Sausalito, CA.

87. There is no rational basis for this disparate treatment of Plaintiff vs. these Other Businesses, who both operate in Marin County, and who both cater to chartering and sightseeing tours. Further the Health Order itself does not offer, or even attempt to offer, a rational basis.

88. Further, there are other similarly situated businesses that were at all times permitted to continue flying over San Francisco Bay on sightseeing tours or otherwise. There is no rational basis for this disparate treatment of two neighboring businesses operating in the airline/flight sector. Just a few examples include (but are not limited to):

h. JSX airline which does charters out of Oakland, CA and East Bay/Napa (Concord), CA;

i. Geo Heli which operates out of San Rafael, CA and out of San Francisco, CA.

89. This disparate treatment is arbitrary and without a rational basis.

90. Compounding this, prior to the County's update to and adoption of Appendix C-1 to the Health Order on August 31, 2020, Marin County required Plaintiff to shutdown operations despite announcing, via the Health Order and via the Frequently Asked Questions portion of its website, that airlines and charter boats (operating for sightseeing purposes) may remain open. This was a direct contradiction with Marin County's own definition for reopening specified businesses. Marin County arbitrarily enforced the Health Order in a unique way against Plaintiff—and in a way that conflicted with its own stated policy.

91. Plaintiff respectfully seeks a declaration that the Health Order violated (and violates) the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

**THIRD CAUSE OF ACTION: UNCOMPENSATED TAKINGS CLAIM AGAINST ALL DEFENDANTS (42 U.S.C. §1983/ ARTICLE 1 §19 OF THE CALIFORNIA CONSTITUTION/ FIFTH AMENDMENT TO THE U.S. CONST./INVERSE CONDEMNATION).**

92. Plaintiff incorporates by reference and re-alleges each and every allegation set forth in all preceding paragraphs as if fully set forth herein.

93. The Health Order was and is an unconstitutional regulatory taking of Plaintiff's Property, without just compensation, and in violation of the Fifth Amendment to the U.S. Constitution takings clause as incorporated under the Fourteenth Amendment.

94. The Takings Clause of the Fifth Amendment provides that private property shall not "be taken for public use, without just compensation." (U.S. Const. Amend. V).

95. The Takings Clause "is designed not to limit the governmental interference with property rights *per se,* but rather to secure *compensation* in the event of otherwise proper interference amounting to a taking." (*Lingle v. Chevron U.S.A. Inc.,* 544 U.S. 528, 536-537 (2005) [quoting *First English Evangelical Lutheran Church of Glendale v. County of Los Angeles,* 482 U.S. 304, 315 (1987) (emphasis in original)]).

96. The Takings Clause bars government actors "from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." (*Armstrong v. United States,* 364 U.S. 40, 49 (1960)).

97. The Marin County Public Health Officer issued the Health Order to "…slow the spread of COVID-19 and mitigate the impact on delivery of critical healthcare services…" (see **Exhibit B**).

98. The Health Officer acted under color of state law, and the Health Order was issued to serve a well-recognized public purpose by the County of Marin and/or its designee.

99. The Health Order adversely impacted Plaintiff's use of Plaintiff's Property to such an extent that, at least temporarily, the Health Order deprived Plaintiff of all economically beneficial use of Plaintiff's Property.

100. The County of Marin, prior to its update to and adoption of Appendix C-1 to the Health Order on August 31, 2020, informed Plaintiff that the Health Order prohibited all

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

economically beneficial and profitable uses of Plaintiff's Property—Plaintiff makes the majority of profits which sustain the business operations off of charter flights and sightseeing tours. By extinguishing the use of Plaintiff's business for these purposes, all of Plaintiff's Property rights were extinguished.

101. In addition, at least for a temporary period of time, all of Plaintiff's business operations were prohibited by the Health Order.

102. In addition, the Health Order interfered with Plaintiff's reasonable and ordinary investment-backed expectations—Plaintiff was prohibited from engaging in any profitable business operation.

103. The Supreme Court has "recognized that government regulation of private property may, in some instances, be so onerous that is effect is tantamount to a direct appropriation or ouster—and that such 'regulatory takings' may be compensable under the Fifth Amendment." (*Lingle v. Chevron USA, Inc., supra,* 544 U.S. at 537).

104. "The general rule at least is that while property may be regulated to a certain extent, if regulation goes too far it will be recognized as a taking." (*Pennsylvania Coal Co. v. Mahon,* 260 U.S. 393, 415-416 (1922)).

105. The Health Order "goes too far," in that it deprived Plaintiff of all economically beneficial use of its Property. The Health Order is a taking; and, without just compensation, Plaintiff will alone bear the cost of paying for government action undertaken for the common good.

106. Plaintiff suffered a complete loss of "all economically beneficial uses" of its Property during the time the Health Order remained in effect, and prior to the County's update to and adoption of Appendix C-1 to the Health Order on August 31, 2020.

107. Plaintiff could not operate its business at its current location due to the enforcement of the Health Order by the County of Marin; and Plaintiff could not operate its business at a different location, as it is not possible to obtain another Seaplane Use Permit on the San Francisco Bay Area. Further, Plaintiff could not exercise its Property Rights with regard to its tangible property—i.e. the seaplanes or otherwise. (*Lucas v. S.C. Coastal Council,* 505

U.S. 1003, 1019 (1992) [When the owner of real property has been called upon to sacrifice *all* economically beneficial use of property in name of common good, that is, to leave his property economically idle, he has suffered a 'taking' within meaning of Fifth Amendment (citing to U.S.C.A. Const.Amend. 5.)]).

108. Plaintiff was called upon to leave its business/Property idle and therefore to sacrifice all economically beneficial use of its property in the name of common good. As such, Plaintiff has suffered a "taking." (*Id.*).

109. Further, and in the alternative, the Health Order is a taking based upon the "magnitude of [the Orders'] economic impact and the degree to which [the Orders] interfere with legitimate property interests." (*Lingle v. Chevron USA, Inc., supra,* 544 U.S. at 540).

110. The economic impact of the Health Order on Plaintiff has been substantial—since the onset of the Health Order, Plaintiff has not been permitted to use its Property and/or to operate is business. Because of the nature of Plaintiff's business, there is no other way to use Plaintiff's tangible Property (the Seaplanes, etc.) for any profitable use.

111. In addition, the Health Order has substantially interfered with Plaintiff's distinct investment-backed expectations. As an example, and without limitation, Plaintiff is most profitable in the summer months and will usually make the most profits during this time— enough so that Plaintiff's business is sustained throughout the rest of the year on these profits. Plaintiff expected to be able to operate its business in the summer; and had a reasonable investment-backed expectation of such.

112. Plaintiff has sat entirely idle at the direction of the County of Marin/the Health Officer.

113. The Health Order has either entirely drained Plaintiff's Property of all economic value during the time it is in effect, or has nearly done so. Either way, the diminution of value and government interference caused by the Health Order is an unconstitutional taking without just compensation.

#### FOURTH CAUSE OF ACTION: PREEMPTION

114. Plaintiff incorporates by reference and re-alleges each and every allegation set forth in all preceding paragraphs as if fully set forth herein.

- 20 -

115.  Where the federal government has promulgated a pervasive scheme to regulate an area of activity, local governments are precluded from interfering. (see the seminal decision of *City of Burbank v. Lockheed Air Terminal,* 411 U.S. 624 (1973)). Further, the Federal Aviation Act of 1958 provides in pertinent part at Section 1108(a) "The United States of America is declared to possess and exercise complete and exclusive national sovereignty in the air space of the United States…"

116.  The Health Order, prior to the County's update to and adoption of Appendix C-1 to the Health Order on August 31, 2010, nevertheless contradicted the guidelines/directives of the FAA and federal law and purported to restrict Plaintiff's business, which is an airline, from operating. In addition, because the County of Marin maintained that Plaintiff did not qualify to open for "sightseeing" business under the Health Order, the Health Order purported to prohibit Plaintiff from operating its business. The Health Order therefore directly contradicted Federal Law to the extent that it restricted the operation of an airline.

117.  Plaintiff respectfully seeks a declaration that, to the extent the Health Order attempts to restrict the operations of Airlines, the Health Order is inconsistent with and/or preempted by the guidelines and/or directives of the Federal Aviation Administration or any other department of the United States which allow the continued operation of airlines.

118.  The Federal Aviation and Administration has adopted policies and procedures affecting airline operations and flights during COVID-19.  As such, the federal government has demonstrated an intent to occupy the field of air travel, in every form.

### Fifth Cause of Action: Violation of 42 U.S.C. §1983

119.  Plaintiff incorporates by reference and re-alleges each and every allegation set forth in all preceding paragraphs as if fully set forth herein.

120.  As set forth, *supra,* Plaintiff was deprived of its federal rights, and Marin County is liable for that deprivation.

121.  As set forth throughout this Complaint, there is a preponderance of evidence that the deprivation resulted from the County of Marin's official policy or custom—in other words, the Health Order and the County's enforcement of the same caused the deprivation.

- 21 -

122. Plaintiff is informed and believes and thereon alleges that the violations of Plaintiff's federal rights is a highly predictable consequence of a failure by the County of Marin to adopt necessary policies aimed at proper and equal enforcement of the Health Order against all those affected by it.

123. Further, Plaintiff is informed and believes and thereon alleges that the County of Marin has failed to train its sheriff, police officers, and attorneys with respect to enforcement of the Health Order.

## SIXTH CAUSE OF ACTION: DECLARATORY RELIEF

124. Plaintiff incorporates by reference and re-alleges each and every allegation set forth in all preceding paragraphs as if fully set forth herein.

125. As set forth throughout this Complaint, an actual controversy has arisen and now exists between Plaintiff and Defendant regarding the rights and duties of Defendant as Plaintiff contends that the practices and the Health Order of Defendant are unconstitutional.

126. The Marin County Health Order is unconstitutional as it allowed Defendant to shutter Plaintiff's business, in violation of federal law, including but not limited to the Fourteenth and Fifth Amendments to the U.S. Constitution;

127. Further, the Health Order is void as it is inconsistent with and/or preempted by the guidelines and/or directives of the Federal Aviation Administration or any other department of the United States which allow the continued operation of airlines

128. The controversy is substantial, immediate, and real;

129. Plaintiff desires a declaration as to the validity of the Health Order both on its face and as to how the Defendant applied and applies the Health Order in regards to Plaintiff;

130. Plaintiff requests that this court issue a declaratory judgment, pursuant to 28 U.S.C. §2201 and Fed. R. Civ. P. 57, that the Health Order violates the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution as applied to Plaintiff because it fails to provide fair notice of what the law requires;

131. Plaintiff requests that this court issue a declaratory judgment, pursuant to 28 U.S.C. §2201 and Fed. R. Civ. P. 57, that the Health Order violates the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution as applied to Plaintiff;

132. Plaintiff requests that this court issue a declaratory judgment, pursuant to 28 U.S.C. §2201 and Fed. R. Civ. P. 57, that the issuance and enforcement of the Health Order is an unconstitutional taking without just compensation, under the Fifth and Fourteenth Amendments of the U.S. Constitution;

133. Plaintiff requests that this court issue a declaratory judgment, pursuant to 28 U.S.C. §2201 and Fed. R. Civ. P. 57, that the Marin Health Order is void to the extent that it is inconsistent with and/or preempted by the guidelines and/or directives of the Federal Aviation Administration or any other department of the United States which allow the continued operation of airlines;

134. Unless the Court issues an appropriate declaration of rights, the parties will not know whether the Health Order complies with federal law and such unlawful and unconstitutional practices will continue;

### PRAYER FOR RELIEF:

WHEREFORE Plaintiff respectfully prays that this Court:

1. Issue a declaratory judgment, pursuant to 28 U.S.C. §2201 and Fed. R. Civ. P. 57, that the Health Order violates the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution as applied to Plaintiff because it fails to provide fair notice of what the law requires;

2. Issue a declaratory judgment, pursuant to 28 U.S.C. §2201 and Fed. R. Civ. P. 57, that the Health Order violates the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution as applied to Plaintiff;

3. Issue a declaratory judgment, pursuant to 28 U.S.C. §2201 and Fed. R. Civ. P. 57, that the issuance and enforcement of the Health Order is an unconstitutional taking without just compensation, under the Fifth and Fourteenth Amendments of the U.S. Constitution;

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

4. Issue a declaratory judgment, pursuant to 28 U.S.C. §2201 and Fed. R. Civ. P. 57, that the Marin Health Order is void to the extent that it is inconsistent with and/or preempted by the guidelines and/or directives of the Federal Aviation Administration or any other department of the United States which allow the continued operation of airlines;

5. Award Plaintiff compensatory damages adequate to satisfy Plaintiff in the amount owed for Defendant's violation of the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution;

6. Award Plaintiff compensatory damages adequate to satisfy Plaintiff in the amount owed as just compensation for the regulatory taking of Plaintiff's Property;

7. Award Plaintiff compensatory damages for the diminution in value of Plaintiff's property;

8. Award Plaintiff compensatory damages adequate to satisfy Plaintiff in the amount owed for Defendants' violations of the Due Process Clause of the Fourteenth Amendment;

9. Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988;

10. Award Plaintiff such other relief available under the law that may be considered appropriate under the circumstances, including but not limited to, other fees and costs of this action to the extent allowed by the law.

Dated: December 2, 2020          LAW OFFICES OF JOHN E. SHARP


                                 By:    /s/ John E. Sharp
                                        John E. Sharp

                                 Attorney for Plaintiff
                                 SEAPLANE ADVENTURES, LLC

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

**VERIFICATION**
(*Seaplane Adventures, LLC v. County of Marin;* United States District Court)

I, AARON SINGER, am the owner of Plaintiff SEAPLANE ADVENTURES, LLC, in the above-entitled matter. I have read the foregoing COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIF, AND DAMAGES and know the contents thereof. The same is true of my own knowledge, except as to the matters stated upon information and/or belief, and as to those matters I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed December 2, 2020, in San Rafael, California.


                                    /s/ Aaron Singer
                                    Aaron Singer

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES