BRIAN E. WASHINGTON, COUNTY COUNSEL
Brandon W. Halter, Deputy, SBN 289687
3501 Civic Center Drive, Ste. 275
San Rafael, CA 94903
Tel.: (415) 473-6117
Fax: (415) 473-3796
bhalter@marincounty.org

Attorneys for Defendant
COUNTY OF MARIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAPLANE ADVENTURES, LLC, a California Limited Liability Company<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF MARIN, CALIFORNIA; AND DOES 1 THROUGH 10, Inclusive,<br><br>Defendant. | Case No.: 20-cv-06222-WHA<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT COUNTY OF MARIN'S MOTION FOR SUMMARY JUDGMENT**<br><br>Complaint filed: September 2, 2020<br><br>Date: October 7, 2021<br>Time: 8:00 AM<br>Judge: Honorable William Alsup<br>Dept: Courtroom 12, 19th Floor |

Defendant COUNTY OF MARIN's Motion for Summary Judgment came on for regular hearing on October 7, 2021, at 8:00 a.m. in Courtroom 12 of the above-entitled court.

Brandon W. Halter, Esq. appeared on behalf of defendant COUNTY OF MARIN ("County"). John E. Sharp appeared on behalf of plaintiff SEAPLANE ADVENTURES, LLC ("Plaintiff"). The Court, having reviewed and considered all relevant information, documents and evidence in this matter, and the papers submitted in support of an in opposition to said motion, and having heard oral argument in support of and in opposition to said motion, makes the following findings.

Beginning in early 2020, the COVID-19 pandemic affected nearly every aspect of life in the United States. To minimize the death and destruction from COVID-19, governments at every level

instituted measures to curb transmission. For its part, defendant County of Marin (at the direction of its Public Health Officer, Dr. Matthew Willis) instituted a series of emergency health orders, industry-specific guidance, and other measures. These efforts were based on the most up-to-date scientific evidence possible, as well as the judgment of public health experts like Dr. Willis. The scientific evidence and expert analysis showed that one of the most common ways in which COVID-19 is transmitted is through close contact with an infected individual. In addition, the probability of infection increases with the proximity and duration of the contact, and also increases if the contact occurs indoors. Further, the evidence showed that a significant percentage of the people infected by COVID-19 were asymptomatic (and as a result could be unaware that they carry the virus), but could still potentially transmit the disease to others.

The first sets of public health orders issued by County as well as state and federal authorities beginning in March 2020 significantly restricted community activity, due to the need to combat what was at that time a potentially catastrophic increase in the transmission of COVID-19. As transmission rates and other factors related to the threat of COVID-19 changed over next few months, however, County (like other governments) revised the terms of its health orders. County's revisions, through Dr. Willis, were issued pursuant to a careful evaluation of the best way to balance the restrictions on individuals and businesses in the community that were still necessary to mitigate the threat of COVID-19 against the need to allow for individuals and businesses to return to normal activities as soon as practicable. As a result, restrictions were revised on an industry-by-industry basis, depending on the characteristics of each industry as they related to the factors relevant to COVID-19 transmission, such as how that industry's activity would affect the volume of community activity (i.e., the number of people leaving their homes and traveling), contact intensity (i.e., the type and duration of contacts between people), and the number of contacts (i.e., the number of people in contact with one another), as well as the degree to which mitigation measures could decrease the risk of community transmission for that industry.

Plaintiff operates an air travel business, including seaplane tours and charter flights. In June 2020, County received reports that Plaintiff was operating in violation of the health orders. In response, County informed Plaintiff that pursuant to the health orders in effect at that time, its operations related to

2

essential travel were permissible, but its operations related to indoor recreation (i.e., sightseeing tours) and/or recreational travel (i.e., recreational charter flights) were not. Under protest, Plaintiff ceased all its operations in July and August 2020, and brought this lawsuit. Now, Plaintiff's sole pending claim[1] is that County violated Plaintiff's constitutional right to equal protection, based on two different theories: (1) that County intentionally enforced its health orders more strictly against Plaintiff than it did against other recreational air travel businesses that were classified the same way under the health orders; and (2) that County had no rational basis to classify Plaintiff's operations any differently than businesses in other industries, such as charter boats. But there is no evidence to support either claim.

*First*, there is no evidence that County enforced the health orders against Plaintiff any differently than it did against other "similarly-situated" businesses. To "be considered similarly-situated, the class of one challenger and his comparators must be prima facie identical in all relevant respects or directly comparable in all material respects." *Warkentine v. Soria*, 152 F. Supp. 3d 1269, 1294 (E.D. Cal. 2016) (*quoting U.S. v. Moore*, 543 F.3d 891, 896 (7th Cir. 2008)). Here, the only other businesses that could be considered "prima facie identical" to Plaintiff are those that were classified the same way under the health orders. In other words, businesses that provided the same type of indoor recreation and/or recreational travel operations as Plaintiff, and that similarly did not fall within some other exception to the restrictions in the health orders.

Plaintiff has identified several other air travel businesses that it believes meet this requirement. However, with respect to all but two of these businesses (i.e., Plaintiff and SF Helicopters), there is no evidence that they provided any recreational flights (as compared with flights for essential travel) at all during the period at issue. As a result, they are not similarly-situated to Plaintiff. Moreover, even if any of these businesses could be considered similarly-situated, there is no evidence that County enforced the health orders any differently against any of them. Instead, the evidence shows that with respect to each business, including Plaintiff, County's process with respect to the health orders followed the same process. First, County publicized the orders and conducted community outreach to maximize the chance that all businesses would be informed of their terms. Second, County relied on all individuals and

---

[1] The Court dismissed all of Plaintiff's other claims at the motion to dismiss stage, except for Plaintiff's preemption claim, regarding which claim County's motion to dismiss remains pending.

3

businesses in the community to comply in good faith with the terms of the orders—which the vast majority did.  Third, County responded to reports of potential health order violations by contacting the individual or business involved, explaining the terms of the health orders as applied to that business, and following up as necessary to ensure compliance.  And, though Plaintiff claimed in the FAC that County took a stricter approach with Plaintiff, there is no evidence to support Plaintiff's claim.  In fact, County received reports of potential health order violations by three separate recreational air travel companies—Plaintiff, Skydive Golden Gate, and SF Helicopters—and responded to each company the same way: i.e., make contact, provide information about the terms of the health orders, and follow up as necessary to ensure compliance.  There is simply no evidence to support Plaintiff's allegations that County allowed other similarly-situated businesses to operate freely, but "shut down" Plaintiff.

*Second*, there is no evidence that businesses in other industries were "similarly-situated" to Plaintiff, and even if there was such evidence, County's decision to treat these other industries differently under the health orders had a rational basis.  As discussed, County's restrictions on Plaintiff were based on the fact that its operations were considered under the health orders as either indoor recreation (i.e., sightseeing flights) or non-essential travel (recreational charter flights).  But the other industries to which Plaintiff compares itself—e.g., charter boats, kayak rentals, indoor retail, etc.—were classified separately under the terms of the orders, and subject to different restrictions.  As a result, they were not similarly-situated to Plaintiff.  Moreover, even if they were, each of these industries also involves a different type of operation than Plaintiff, with a different risk profile from the perspective of limiting transmission of COVID-19.  County's decision to treat these industries differently, which was based on an evaluation of the unique attributes of each industry as they relate to COVID-19 transmission according to scientific evidence and expert analysis, is supported by far more evidence than necessary to satisfy the rational basis standard that applies to Plaintiff's claim.

In summary, there is no genuine dispute as to any fact material to Plaintiff's equal protection claim.  The Court therefore GRANTS County's motion for summary judgement and HEREBY ORDERS that summary judgment be entered in County's favor, and against Plaintiff, as to Plaintiff's equal protection claim.

1  IT IS ORDERED:

3  DATED:_____                    _____
                                        Honorable William Alsup
                                        United States District Court Judge