John E. Sharp, Esq., SBN 085615
LAW OFFICES OF JOHN E. SHARP
24 Professional Center Parkway, Suite 110
San Rafael, CA 94903
Telephone: (415) 479-1645
Facsimile: (415) 295-7020

Attorneys for Plaintiff
SEAPLANE ADVENTURES, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAPLANE ADVENTURES, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF MARIN, CALIFORNIA; AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>Defendants. | Case No. 20-cv-06222-WHA<br><br>DECLARATION OF SAUL AARON SINGER ("AARON SINGER") IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT<br><br>Complaint filed: September 2, 2020<br>Trial Date: December 8, 2021<br><br>DATE: October 7, 2021<br>TIME: 8:00AM<br>JUDGE: Honorable William Alsup<br>DEPT.: Courtroom 12, 19th Floor |

I, Saul Aaron Singer ("Aaron Singer"), declare as follows:

1. I am over the age of eighteen years old, and I make this declaration in support of Plaintiff's Opposition to Motion for Summary Judgment. I have personal knowledge of the facts stated herein and, if called as a witness in this matter, I could and would competently testify to the facts set forth below.

2. I am the owner and President of Seaplane Adventures, LLC ("Seaplane" or "Plaintiff"). I have owned Seaplane since January 2012. Seaplane's use permit, and related entitlements,

- 1 -
DECLARATION OF AARON SINGER
Case No. 20-cv-06222-WHA

have been in place since 1953. An airline is categorized pursuant to how it is certified pursuant to FAA regulations—and Seaplane is an airline business operating in Marin County, California, as an air carrier, certified pursuant to 14 CFR Part 135 and Part 91 of the Federal Aviation Administration ("FAA") regulations. Seaplane operates air tours, charter flights (including but not limited to flights to Tahoe and Clear Lake, CA) and flight instruction.

3. I am also a Senior Part 135 rated Pilot. I learned to fly on a flying scholarship at 16 years old. I am a commercial single/multi instrument rated pilot on both land and sea.

4. In 2012, I decided to pursue a life-long dream of owning and operating an aviation business by purchasing the 75-year old San Francisco Seaplane Tours ("SFST"), which I rebranded Seaplane Adventures. I have grown and expanded the business over the last few years to feature air tours around the SF Bay Area, as well as seaplane flight instruction and on demand charter flights.

5. In my capacity as owner/President of Seaplane, I am responsible for all business performance of SFST operations, finances, and marketing. I am also the Assistant under Director of Operations for Part 135 training, compliance and operations; the Senior pilot flying the Cessn 172 and the DeHavilland Beaver; and the sole part 135 rated pilot.

6. I am informed and believe that Seaplane falls within the definition of "essential business," not only as set forth in the Order of the Health Officer of the County of Marin on March 16, 2020 ("March Health Order"), but also as contemplated in the Federal guidelines as applied to airlines, in particular.

7. Although I did not believe the March Health Order required Seaplane to cease operations (since Seaplane was and is an "essential business"), I closed down Seaplane anyway out of an abundance of caution.

8. However, on May 15, 2020, the County of Marin issued another Order of the Health Officer of the County of Marin ("Health Order" or "Marin Order"). The May 15, 2020 Health Order amended previous health orders, allowing many businesses to remain open or reopen. As such, I decided to reopen Seaplane for business on or about June 5, 2020.

- 2 -
DECLARATION OF AARON SINGER
Case No. 20-cv-06222-WHA

9. I believe that the plain language of the Health Orders allowed Seaplane to fully reopen operations—and, Seaplane could have done so safely at the time the Health Order was issued. In fact, Seaplane had a Site Specific Protection Plan in place. Seaplane was properly able to limit interactions and maintain social distance. In addition, Seaplane only booked groups from one household or social bubble who were already interacting.

10. Further, I personally witnessed flights taking off and landing at Gnoss Field Airport, the airport owned by the County of Marin. I have a hangar at the Gnoss Field airport, and was routinely at the airport in my hangar—from there, I witnessed multiple flights taking off and landing; all during the time the Health Orders were in effect.

11. Despite this, the County of Marin shut down Seaplane's operations, allegedly pursuant to the Health Orders, on July 3, 2021. Although the Marin Health Order specifically states that airlines are an "essential business," the Marin County Sheriff ordered Plaintiff to close on July 3, 2020 under threat of fines.

12. The FAA grants the authority to operate on-demand, unscheduled air service (also known as charter-type services) in the form of a Part 135 certificate. 14 CFR Part 135 does not distinguish between "recreational charter flights" and other charter flights.

13. 14 CFR Part 91 certification authorizes Seaplane to conduct nonstop passenger-carrying flights that begin and end at the same airport and are conducted within a twenty-five (25) mile radius of the airport. Part 91 does not distinguish between "scenic aircraft tours" or otherwise.

14. Given that the FAA does not distinguish between "recreational charter flights" and other charter flights; I was surprised when the County told me that I was being shut down pursuant to the Health Orders; and I was (obviously) very upset when I learned that the County still was permitting flights out of Gnoss Field.

15. An airline/air carrier is similar to another airline/air carrier that is certified under Part 135, because if both airlines were certified pursuant to Part 135, that tells the FAA that both airlines are authorized to operate on-demand, unscheduled air service.

16. The Gnoss Field Airlines are, like Seaplane, also airline businesses operating in Marin County, California, as air carriers, certified pursuant to 14 CFR Part 135 of the FAA regulations. As such, the Gnoss Field Airlines/air carriers are similar to Plaintiff.

17. Other than Skydive Golden Gate, which ran only a skydiving operation out of Gnoss Field Airport, the County of Marin did not force any airlines operating out of Gnoss Field Airport to shut down operations pursuant to the Health Orders.

18. The County now claims that Seaplane is "similarly-situated" to Skydive Golden Gate and SF Helicopters—both of which they allegedly shut down pursuant to the Health Orders. However, Seaplane is not comparable to these businesses.

19. Skydiving requires the customer to be physically strapped to the instructor with no more than an inch of room between them. In addition, Skydive Golden Gate was not in the business of providing charter flights.

20. Seaplane does not own any helicopters, and does not provide helicopter tours. Although SF Helicopters rents a landing pad, located adjacent to Seaplane's base, for occasional use, its business is not located at Seaplane's location. Further, since SF Helicopters is based in separate counties (not Marin County), it was able to continue operating throughout the COVID-19 shutdown orders. It just started flying out of other bases, such as Oakland International Airport and San Francisco International Airport.

21. Seaplane, as the *only* Seaplane base in California, literally could not operate in any other location. As such, Seaplane was completely shut down by the County, as it could not operate out of anywhere except where it is based in Sausalito, CA.

22. I believe that the County's shutdown of Seaplane Adventures, LLC was improperly motivated by the Complaints of a handful of wealthy nearby homeowners and other residents that frequently complaint about noise ("Strawberry Neighbors"). (SF Helicopters sometimes operates out of the same location as Plaintiff, and has also been the subject of complaints from the same residents in the Strawberry area).

23. In 2017, the County of Marin tried, but failed, to limit Seaplane's hours of operation and number of flights after these same Strawberry Neighbors complained about noise from the planes. In 2017, Marin County's Planning Commission held a six-hour hearing (which I attended) to consider the matter. Over 250 people attended the hearing, and dozens of members of the public spoke, with a majority of them expressing support for Seaplane and opposition to the changes in its use permit.

24. During the 2017 Planning Commission hearing, William Schneider spoke as a spokesman for the Strawberry Neighbors, asking the Planning Commission to limit or revoke Seaplane's use permit.

25. The Planning Commission, however, agreed with Seaplane that the County lacked jurisdiction over the airline—finding that Seaplane Adventures had not violated any conditions of its use permit, and that the County's jurisdiction is limited by preemption, as much of the business is regulated by the Federal Aviation Administration. The Planning Commission, by resolution, eliminated at least 3 of the County's conditions of Seaplane's use permit and unanimously found that no violation of said use permit had occurred.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 16th day of September, 2021, at San Rafael, California.

/S/ Aaron Singer
Saul Aaron Singer

**SIGNATURE ATTESTATION**

I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/S/) within this e-filed document.

Dated: September 16, 2021             LAW OFFICES OF JOHN E. SHARP

By:_____/s/_____
John E. Sharp
Attorney for Plaintiff
SEAPLANE ADVENTURES, LLC