UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAPLANE ADVENTURES,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF MARIN, CALIFORNIA,<br><br>    Defendant. | No. C 20–06222 WHA<br><br>**ORDER TO SHOW CAUSE RE PREEMPTION** |

     Although no motion for summary judgment has been made on the preemption issue, the Court is of the view that it should be determined and is of the tentative view that the preemption claim must fail for the following reasons. Therefore, all parties are directed to show cause by **WEDNESDAY, NOVEMBER 10, 2021, AT NOON** why the preemption claim should or should not be dismissed.

     Because the "Federal Aviation Act has no express preemption clause," plaintiff's preemption theories must allege either implied field preemption or conflict preemption. See *Martin ex rel. Heckman v. Midwest Exp. Holdings, Inc.*, 555 F.3d 806, 808 (9th Cir. 2009).

     The "essential field preemption inquiry is whether the density and detail of federal regulation merits the inference that any state regulation within the same field will necessarily

interfere with the federal regulatory scheme." *Nat'l Fed. of the Blind v. United Airlines, Inc.*, 813 F.3d 718, 734 (9th Cir. 2016). The pertinent regulatory field is aviation industry restrictions during a public health emergency. The Federal Aviation Administration's response to the COVID-19 pandemic (or lack thereof) supports the conclusion that federal aviation law has not occupied the field of public health restrictions related to the pandemic. Congress has enacted no law and the FAA has promulgated no new regulations that would upset the police power of states and local governments in enacting health orders or exempt aviation businesses from the authority of public health officers.

Conflict preemption arises "where compliance with both federal and state regulations is a physical impossibility" and in "those instances where the challenged state law stands as an obstacle to the objectives of Congress." *Ventress v. Japan Airlines*, 747 F.3d 716, 720–21 (9th Cir. 2014), *cert. denied*, ––– U.S. –––, 574 U.S. 863 (2014).

*First*, prohibiting flights based on their being "recreational" would not make it impossible to comply with federal law because plaintiff has no obligation under federal law to provide the recreational flights prohibited by the health order.

*Second*, the order's limit on recreational operations does not obstruct the objectives of Congress. As stated, COVID-19 response falls largely on state and local governments and Congress has enacted no law to displace that authority when it comes to health orders that impact recreational aviation businesses. There have been several examples of Congress enacting legislation that impacts the aviation industry since the beginning of 2020 but the goal in nearly all of those cases was supporting the aviation industry economically: funding for paid leave and payroll support programs for aviation workers (15 U.S.C. §§ 9072, 9092, 9132, 9141), suspension of certain aviation excise taxes (15 U.S.C. § 9046); appropriations for grants to airports and air carriers (15 U.S.C. § 9121); and loans and loan guarantees for air carriers (15 U.S.C. § 9042). The Court can find no congressional objective that would have been impeded by the County's health order.

Seaplane argues that the 2017 Planning Commission's preemption finding should apply here. The prior finding by the Commission concerned aircraft noise and does not constitute an

admission by the County that a public health order would also be preempted by federal law. This is a dead-end argument.

By **WEDNESDAY, NOVEMBER 10, 2021, AT NOON** in no more than **SEVEN PAGES** each side shall explain why the preemption claim should or should not be dismissed. In this briefing please also explain what remedy, if any, plaintiff may seek if the Court is persuaded that federal law preempted the application of the County's health order to plaintiff but that the equal protection claim warrants summary judgment for the County. Please support this briefing with mandatory authority to the extent possible.

**IT IS SO ORDERED.**

Dated: November 5, 2021

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE